OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

GROVER SELLERS
Attorney General

Honorable Theophilus S. Painter
Acting President
University of Texas
Austin, Texas

Opinion No. O-7021

Dear Sir:

Re: Whether certain enlisted person-
nel of the U. S. Navy in attend-
ance at Navy V-12 Units, who are
being transferred to inactive
duty by the Navy Department (pro-
vided they agree to continue to
completion the professional train-
ing for which they completed the
prerequisite training) are en-
titled to exemption from payment
of registration, tuition, labora-
tory and other fees at The
University of Texas under the pro-
visions of the statutes applica-
ble to honorably discharged
veterans, who are residents of Texas.

We have received and carefully considered your request
for an opinion which reads in part as follows:

"Certain enlisted personnel of the United States
Navy in attendance at Navy V-12 Units are being of-
fered the option by the Navy Department of (1) transfer
to inactive duty, provided that each such student agrees
to continue to completion the professional training for
which he has completed the prerequisite training, or
(2) transfer to general enlisted duty. Will you please
advise me whether, in your opinion, persons electing
the first option mentioned are entitled to exemption from
the payment of registration, tuition, laboratory, and
other fees at The University of Texas under the provisions
of the statutes applicable to honorably discharged veterans
who are residents of Texas. . . ."

The statute in question, Article 2654b-1,
Vernon's Annotated Revised Civil Statutes, contains the
following provision:

". . . The provisions of this Act shall
not apply to or include any members of such
United States Armed Forces, or other persons
hereinabove named, who were discharged from
the service in which they were engaged . . .
because of a personal request on the part of
such person to be discharged from such service."
(Underscoring ours)

NAVY V-12 BULLETIN NO. 327, copy of which was en-
closed with your request, offers the following options to
pre-medical, pre-dental and pre-theological students on active
duty at Navy V-12 Units:

"Option 1: Transfer to inactive duty in their
present rate, provided that each such student shall
be required to submit to the satisfaction of the
Commanding Officer a statement in writing (Enclosure
1) that it is his intention to continue to completion
(if not completed by 1 November 1945) his profession-
al training, and to pursue appropriate professional
training thereafter. Men who are classified USN or
USN-I shall include a statement requesting discharge
for the purpose of re-enlistment as Apprentice Seamen,
Class V-12, USNR, and subsequent release to inactive
duty.

"Option 2: Transfer to general enlisted duty.
(Students who exercise this option and have completed
Recruit Training will be transferred to the nearest
Receiving Station in their previous classification
and rating for general duty; such students who have
not completed Recruit Training will be transferred
in their present classification and rating to U. S.
Naval Training Center, Great Lakes, Illinois, for
reclassification and assignment to general duty.)

Said Bulletin offers substantially the same options
(Options 1(A) and 2(A)) to medical, dental, and theological
students on active duty at Navy V-12 Units, who have not com-
pleted their professional training by a certain date.

Said Bulletin further contains the following provisions:

"5. Commanding Officers are hereby authorized (a) to change the rating to that held at the time of transfer to the Navy V-12 Program and then discharge for the convenience of the government any subject student who elects OPTION 1 (or OPTION 1 (A)) above and is now classified USN or USN-1; and (b) to re-enlist him as Apprentice Seaman, Class V-12, USNR, for a period of two (2) years. Commanding Officers shall communicate with the nearest Navy Recruiting Station for any supplies or advice needed for carrying out this procedure.

"6. Commanding Officers are directed to transfer each of subject students who elects OPTION 1 (or OPTION 1(A)) above to the nearest U. S. Naval Personnel Separation Center for the purpose of release to inactive duty in the rating of Apprentice Seaman, Class V-12, USNR. . . ."

The question is whether the exercise of Option 1 amounts to "a personal request on the part of such person to be discharged from such service," as contemplated by the above-quoted statute.

Although students exercising Option 1 are required by the Bulletin to fill out and sign a form entitled "Request for release to inactive duty," we are not presented with a situation in which an individual, because of personal reasons or exceptional circumstances peculiar to him, seeks to be released from his obligation to serve his country. It is not a case in which the Government, in response to a petition for special consideration of an individual case, weighs the needs of the armed forces against the hardship imposed on the individual and determines whether he should be released from active duty. Here, the Government's decision was made prior to issuance of the Bulletin, offering to release all members of the Navy who fall within its classification; and those who qualify and indicate their choice are, as a matter of course, transferred to inactive duty.

It is common knowledge that the Navy is in the process of partial demobilization as a result of the surrender of our enemies and consequent decrease in personnel requirements. The Bulletin in question, dated September 24, 1945, after surrender

of the Axis powers, was undoubtedly issued "for the convenience of the government" as a part of the demobilization program, rather than for the personal benefit of any individual. The government's initiative, rather than the wish of any individual, impels the choice to be made, namely: Transfer to inactive duty (subject to recall upon certain conditions), or transfer to general enlisted duty; and the exercise of either option will result in a change in the student's status. In our opinion, the exercise of Option I is not the kind of "personal request" contemplated by the Legislature.

Therefore, in our opinion, persons transferred to inactive duty under the provisions of the above-mentioned Bulletin, and who otherwise qualify under Article 2654b-1, RCS, are entitled to exemption from payment of dues, fees and charges at the University of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Raymond A. Lynch

Raymond A. Lynch
Assistant

5, 1946